UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM M. DEVORE, | ) | Case No. 1:19-cv-02442 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| HAROLD MAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner Adam DeVore filed a petition for a writ of habeas corpus. With his petition, Petitioner moved to expand the record and amend his petition. (ECF No. 4.) His brief made clear that the amendment he sought was the inclusion of additional record material as exhibits to the petition. (*Id.*, PageID #368.) Before Respondent answered the petition, Mr. DeVore moved for a complete record of proceedings in the State courts. (ECF No. 8.) The Magistrate Judge denied the pending motions as premature. (ECF No. 9.) Petitioner sought reconsideration of the order (ECF No. 10), which the Magistrate Judge denied (ECF No. 12).

After Respondent filed the record, Petitioner moved to compel the filing of a complete State court record. (ECF No. 17.) Specifically, Petitioner sought to include in the record transcripts from (1) three hearings involving a plea of not guilty by reason of insanity, (2) a hearing to remove counsel, and (3) a suppression hearing. (ECF No. 17-1, PageID #1601.) In response to the motion, Respondent made these transcripts part of the record in this action. (*See* ECF No. 18; ECF No. 18-1; ECF

No. 18-2; ECF No. 18-3; ECF No. 18-4 & ECF No. 18-5.) In addition, Petitioner sought various record materials from his initial appearance and arraignment, transcripts of court proceedings where the recordings are inaudible, the pre-sentence report, and various motions, among other things. (ECF No. 17-1, PageID #1602–07.) Petitioner also moved to renew his earlier motion filed with his petition to expand the record and amend his petition. (ECF No. 21.)

In an order dated February 1, 2021, the Magistrate Judge denied the pending motions to expand and supplement the record. (ECF No. 24.) After setting forth the procedural background (*id.*, PageID #1799–1804), the Magistrate Judge's order analyzed the motion under the governing habeas rules (*id.*, PageID #1804–05). Considering Petitioner's arguments and how the materials sought for purposes of supplementing the record relate to the specific claims Petitioner asserts, the Magistrate Judge denied the motion. (*Id.*, PageID #1806.) Petitioner objects to the Magistrate Judge's order. (ECF No. 25.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here. Under this statute, a judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive de novo review, as does a report and recommendation made under 28 U.S.C. § 636(b)(1)(B). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm

2

conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)).

*Pro se* pleadings generally are liberally construed and held to less stringent standards than formal papers drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Against the backdrop of these standards, the Court construes Petitioner's objection to the order of the Magistrate Judge as a motion for reconsideration under the statute.

## ANALYSIS

First, Petitioner objects to the finding that transcripts from the arraignment, a bond hearing, and certain pages of the trial transcript are not available. (ECF No. 25, PageID 1810–11.) Contrary to Petitioner's claim, the Magistrate Judge did not make a finding that any of these materials are likely not available. (*See id.*, PageID #1810.) Instead, the Magistrate Judge's order recites that was Respondent's position. (ECF No. 24, PageID #1803.) With respect to these specific materials, the Magistrate Judge determined that good cause for discovery did not exist under Rule 6 of the Rules Governing § 2254 Cases. Petitioner did not specifically seek discovery, but given Respondent's position and efforts to provide the State court record, discovery would have been a procedural means to address Petitioner's professed concerns about the condition of the record. Further, the Magistrate Judge determined that these materials are not relevant to any of the claims Petitioner asserts in his habeas petition. Petitioner maintains that they relate to Claim Nine (ECF No. 25, PageID #1810, 1811), which relates to ineffective assistance of appellate

3

counsel (ECF No. 1-2, PageID #111). Petitioner can make his argument in Claim Nine on the record as it stands. He has made no showing that transcripts from the bond hearing or arraignment bear on the effectiveness of appellate counsel. Therefore, the Court cannot say that the Magistrate Judge's determination is clearly erroneous or contrary to law.

Next, Petitioner seeks to supplement the record with documents admitted at trial—medical records and reports and certain photos. (ECF No. 25, PageID #1812.) He claims these materials relate to Claim One (manifest weight of the evidence) (ECF No. 1-2, PageID #42), Claim Two (insufficient evidence) (*id.*, PageID #51), and Claim Six (ineffective assistance of appellate counsel regarding a failure to raise discovery issues) (*id.*, PageID #84). With respect to Claims One and Two, the Magistrate Judge correctly determined that habeas review limits the Court to consideration of the evidentiary record before the State courts. (ECF No. 24, PageID #1806.) As for Claim Six, the materials might possibly bear on counsel's competence, but the Magistrate Judge determined the proceedings in the State courts pursuant to Rule 26(B) provides the proper record on habeas review. (*Id.*) The Court cannot say that this determination is clearly erroneous or contrary to law.

Petitioner also seeks reports relating to State court proceedings on a plea of not guilty by reason of insanity. (*Id.*) These, he claims, are relevant to Claim Nine. (*Id.*) Again, Petitioner can make his argument in Claim Nine regarding ineffective assistance of appellate counsel based on the record as it stands.

Finally, beyond these specific objections, Petitioner directs his arguments to the merits of his habeas claims. (*See* ECF No. 25, PageID #1808–10, PageID #1812–13.) Therefore, the Court does not address them at this time.

## CONCLUSION

For the foregoing reasons, the Court cannot say that the Magistrate Judge's order is clearly erroneous or contrary to law. (ECF No. 24) Therefore, the Court **OVERRULES** Petitioner's objection to the order. (ECF No. 25)

**SO ORDERED.**

Dated: June 8, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio