## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ADAM M. DeVORE, | ) | Case No. 1:19-cv-02442 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| KENNETH BLACK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

A jury found Petitioner Adam DeVore guilty of abduction and domestic violence after a trial in State court at which Mr. DeVore represented himself. The State trial court imposed a prison sentence of 72 months. Mr. DeVore filed a petition for a writ of habeas corpus, asserting nine grounds for relief. Petitioner contends that there is insufficient evidence to support both convictions, the State trial court abused its discretion in certain procedural rulings, his sentence is inconsistent with the record, and he also raises five claims for ineffective assistance of appellate counsel.

The Magistrate Judge recommends that the Court deny the petition. (ECF No. 31.) Petitioner objects to this recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Magistrate Judge's report and recommendation. Further, the Court **DECLINES** to issue a certificate of appealability because Petitioner has not shown that reasonable jurists could conclude that this assessment is debatable or wrong. In other words, in the Court's view, Petitioner has not made a substantial showing of the denial of a constitutional right.

## FACTUAL AND PROCEDURAL BACKGROUND

This petition for a writ of habeas corpus arises from a State conviction in Ashland County, Ohio.

### A.    Indictment and Trial

On January 12, 2017, a grand jury indicted Mr. DeVore on one count of rape, one count of abduction, and one count of domestic violence.  (ECF No. 15-2, PageID #567.)  The victim, his girlfriend, obtained a temporary protection order against Mr. DeVore.  (*Id.*, PageID #452–453.)  Through counsel, Mr. DeVore entered a plea of not guilty by reason of insanity.  (*Id.* PageID #567.)  Later, he withdrew this plea and moved to proceed without counsel, which the State trial court granted.  (*Id.*)  A jury trial commenced on January 9, 2018.  (*Id.*)

At trial, the victim testified.  (*Id.*)  She stated that she began a romantic relationship with Mr. DeVore in 2016.  (*Id.*, PageID #567–68.)  Mr. DeVore lived at the victim's home, along with her two children.  (*Id.*)  She testified that on one occasion in October of 2016, Mr. DeVore lost his temper because of another past relationship and struck her.  (*Id.*, PageID #568–69.)  Mr. DeVore left the victim's home the next day, and the victim removed his belongings.  (*Id.*, PageID #569.)  She testified that soon after this incident, Mr. DeVore returned unannounced to the victim's home to move back in.  (*Id.*)  By this time, she felt unable to say no to Mr. DeVore out of fear for her own safety.  (*Id.*)

The victim's testimony continued that one evening in January 2017 the couple began to watch the movie "12 Years a Slave."  (*Id.*)  Mr. DeVore had been drinking and lost his temper, she testified.  (*Id.*)  Two days later, the victim woke up from being

2

asleep on the couch to Mr. DeVore strangling, hitting, and yelling profanities at her. (*Id*.) According to her testimony, Mr. DeVore pulled the victim's pants down against her will and began punching her pelvis area and used his hand to penetrate her. (*Id*., PageID #571.) Mr. DeVore told the victim that she was going to die and that he had nothing else to lose. (*Id*., PageID #572.) Fearing for her life, the victim testified that she attempted to calm Mr. DeVore by saying she loved him and asking him to lie with her. (*Id*.) Her efforts succeeded in stopping the violence, she testified, but Mr. DeVore would not let her leave the couch for the rest of the night. (*Id*.)

The next morning, Mr. DeVore allowed the victim to leave the couch only to use the bathroom. (*Id*., PageID #573.) Later that day, Mr. DeVore left the home to purchase cigarettes. (*Id*.) Once he was gone, the victim ran to her parents' home up the street with her children and called the police. (*Id*.) She travelled through backyards to avoid detection in case he returned early from the errand. (*Id*.) On arrival, the police drove the victim to a hospital and arrested Mr. DeVore. (*Id*.)

In addition to the victim, other witnesses testified at trial, including: the victim's daughter; the certified nurse practitioner who examined the victim at the hospital; the SAFE (Sexual Assault Forensic Examining) nurse who worked at the hospital; the police officer who responded to the 911 call; and the police sergeant who arrived at the scene. (*Id*., PageID #574–76.)

Following the sergeant's testimony, the State rested its case pending the admission of exhibits. (*Id*., PageID #577.) The State trial court told the prosecution that it intended to deny the admission of certified exhibits relating to Mr. DeVore's

prior domestic violence convictions because the exhibits were not sufficiently linked to Mr. DeVore through evidence. (*Id*.)  Over Mr. Devore's objection, the State trial court permitted the prosecution to reopen its case for the purpose of tying those certified exhibits to Mr. DeVore through police testimony.  (*Id*., PageID #577–78.)

Following deliberations, the jury acquitted Mr. DeVore of rape but convicted him of abduction and domestic violence.  (*Id*.)  The State trial court sentenced Mr. DeVore to 36 months in prison for each crime, to be served consecutively for a prison sentence totaling 72 months.  (*Id*.)

### B.    Direct Appeal

Through counsel, Mr. DeVore appealed his conviction and raised four assignments of error:  (1) the conviction for abduction was against the manifest weight of the evidence; (2) the conviction for domestic violence was not supported by sufficient evidence; (3) the trial court abused its discretion by permitting the State to reopen its case; and (4) the maximum and consecutive sentence was not supported by the record.  (*Id*., PageID #510 & #523.)  In a reasoned opinion, the State appellate court overruled each assignment of error and affirmed the convictions and sentence. (*Id*., PageID #566.)  Raising nearly the same arguments, Mr. DeVore appealed this decision to the Ohio Supreme Court, which declined to accept jurisdiction.  (*Id*., PageID #593–95.)

### C.    Application to Reopen Appeal

Proceeding *pro se*, Mr. DeVore sought to reopen his direct appeal due to ineffective assistance of appellate counsel.  (*Id*., PageID #653.)  He claimed that counsel should have advanced five additional arguments on direct appeal:  (1) his

4

offenses of conviction were allied offenses, making the consecutive sentences a violation of the constitutional guarantee against double jeopardy; (2) the State trial court abused its and the prosecutor engaged in misconduct; (3) the denial of records for challenging credibility of State witnesses denied him due process and a fair trial; (4) the admission of an edited and shortened police interview of defendant prejudiced him; and (5) various other rulings, along with these, amounted to cumulative error. (*Id.*) The State appellate court rejected his arguments, and the Ohio Supreme Court declined to accept jurisdiction. (*Id*. PageID #791 & #828.)

### D.    Habeas Petition

Mr. DeVore filed a petition for a writ of habeas corpus. (ECF No. 1.)  In 104 pages, Mr. DeVore asserted nine grounds for relief, which are summarized as follows:

1. The abduction conviction is against the manifest weight of the evidence and is not supported by sufficient evidence.

2. The domestic violence conviction is not supported by sufficient evidence.

3. The trial court abused its discretion by allowing the State to reopen its case after resting.

4. The maximum and consecutive sentences are inconsistent with the record.

5. Appellate counsel was ineffective for failing to raise that Petitioner's sentences are a violation of double jeopardy and Ohio's allied offenses law.

6. Appellate counsel was ineffective for "failing to raise abuse of discretion and prosecutorial misconduct in the regulation of discovery."

7. Appellate counsel was ineffective for "failing to raise denial of records specific for challenging the credibility of the State's witnesses, prejudicing Petitioner's right to due process and the right to a fair trial."

8. Appellate counsel was ineffective for "failing to raise the admission of edited and shortened interview of the Petitioner."

9. Appellate counsel was ineffective for "failing to raise the error and prejudice of Petitioner's court ordered incommunicado towards a blanket denial of witnesses and 30 of 31 pretrial motions and the cumulative [e]ffect of all claims."

(*Id.*, PageID #29.)

In her report and recommendation, the Magistrate Judge recommends that the Court to dismiss all grounds as meritless, non-cognizable, or procedurally defaulted. She also recommends against issuing a certificate of appealability.  (ECF No. 31, PageID #2218.)  Petitioner filed eighty-three pages of unnumbered objections to the report and recommendation.  (ECF No. 33.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2.  When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  "Objections must be specific, not general" and should direct the Court's attention to a particular dispute.  *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

6

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## GOVERNING LEGAL STANDARD

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

8

Generally, a petitioner must demonstrate that he has "exhaust[ed] all available opportunities to pursue his claim in state court." *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826–27 (6th Cir. 2019).  Further, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State courts in accordance with their procedural rules.  *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1727 (2022).  A petitioner may procedurally default a claim by failing to raise it in State court and pursue it through the State's appellate review procedures.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  If State law no longer allows the petitioner to raise or appeal the claim at the time of the habeas petition, the claim is procedurally defaulted.  *Id.*; *see also Shinn*, 142 S. Ct. at 1727–28.  Procedural default may be excused where a petitioner can show that an external factor prevented him from complying with the procedural rule at issue, through no fault of his own, and that the alleged constitutional violation resulted in actual prejudice.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

## ANALYSIS

Petitioner's objections to the report and recommendation are numerous and unnumbered.  Most of Petitioner's arguments, though styled as objections, are reprisals of his underlying grounds for relief in the petition.  These objections are improper.  For this reason alone, the Court **OVERRULES** Petitioner's objections.

Because Mr. DeVore proceeds *pro se*, the Court provides the following analysis to show that, even if it construed Petitioner's objections as somehow proper, they nevertheless lack merit.  In doing so, for ease of analysis, the Court groups the

9

objections in the following six categories: (1) fact-based objections; (2) evidentiary sufficiency; (3) abuse of discretion; (4) sentencing; (5) ineffective assistance of appellate counsel; and (6) the remaining objections.  At bottom, none of Petitioner's objections warrants relief.

## I.    Factual Objections

Petitioner raised many objections to the report and recommendation's findings of fact and the factual record determined by the State courts.  He asserts that he has presented clear and convincing evidence to rebut these facts and that the determination of facts is unreasonable in light of the evidence he has presented.  (ECF No. 33, PageID #2225, #2230, #2291, #2294 & #2300.)

Habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  A factual determination made by a State court is presumed to be correct, and Petitioner has the burden of rebutting this presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  This deference to State court factual findings extends to those made in a State appellate court.  *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).  "Generally, state evidentiary issues are not cognizable on federal habeas review."  *Gordon v. May*, No. 22-4003, 2023 WL 3719068, at *5 (6th Cir. Apr. 25, 2023).  An evidentiary ruling made at trial violates due process only where the "ruling is so egregious that it results in a denial of fundamental fairness."  *Id.* (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).

Contrary to the contentions he makes in his objections, Petitioner has not rebutted the factual record.  Instead, he attempts to explain his version of the facts

10

or argues that facts in the record are irrelevant to his conviction.  (ECF No. 20, PageID #1746–56.)  While this approach might be appropriate at trial or possibly on direct appeal, on a petition for a writ of habeas corpus, the facts as determined and stated in the State court proceedings are taken as correct.  *Franklin*, 695 F.3d at 447.  Nothing Petitioner addressed in his objections suffices to rebut the presumption of the correctness of the State courts' factfinding—let alone by clear and convincing evidence.

Further, Petitioner objects to the relevance of the victim's testimony regarding their first altercation in October 2016.  (ECF No. 33, PageID #2252, #2254 & #2277.)  Even if Petitioner is correct, challenges to evidentiary rulings made at trial are non-cognizable on habeas review unless the evidentiary ruling is egregious.  *Bugh*, 329 F.3d at 512.  This evidentiary decision falls well within a trial court's discretion.  Nothing about that ruling, even if incorrect or an abuse of discretion, presents the sort of egregious evidentiary ruling to warrant a departure from the rule insulating the ruling from collateral review in this habeas action.

The Court **OVERRULES** Petitioner's factual objections in this first grouping of objections.

## II.    Sufficiency of the Evidence

Petitioner's first two grounds for relief challenge the sufficiency of the evidence used to convict him of abduction and domestic violence.  (ECF No.1-2, PageID #42 & #51.)  Petitioner objects to the recommendation that the Court deny these grounds, arguing:  (1) the evidence shows only that there was an assault and is insufficient to satisfy the elements of abduction, and (2) his conviction is void because the State

court lacked jurisdiction over his domestic violence charge. *See* (ECF No. 33, PageID #2229 & #2251.)

Evidence is sufficient to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is not the Court's job to "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [the Court's] judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Rather, it is the trier of fact's responsibility to "decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curium). Even if the Court agreed that no trier of fact could have found that the evidence was sufficient to support Petitioner's conviction, on habeas review a State appellate court's determination that the evidence was sufficient receives deference "as long as it is not unreasonable." *Brown*, 567 F.3d at 205.

### II.A. Abduction

Petitioner's objections continue to challenge the sufficiency of the evidence for his abduction conviction and point to witness testimony that was already before the jury when they deliberated, which he says proves he did not commit an abduction. (ECF No. 33, PageID #2235–39 & #2241–46.) However, the evidence that the report and recommendation points to in its analysis, which was derived from the factual record before the State court, is sufficient to sustain the conviction. (ECF No. 31, PageID #2158–2160.) Viewing the evidence in a light most favorable to the prosecution, a trier of fact could have found Petitioner guilty of abduction beyond a

reasonable doubt based on the conduct that took place between January 7, 2017 and January 9, 2017.  *Jackson*, 443 U.S. at 319.  Petitioner asks the Court to reweigh the evidence, which the Court cannot do.  *United States v. Callahan*, 801 F.3d 606, 616 (2015) (citation omitted).

### II.B.  Domestic Violence

Petitioner's objections to the report and recommendation on this ground argue that, when he sought to reopen his direct appeal, the State appellate court lacked subject-matter jurisdiction over his domestic violence conviction because the court applied "[ir]relevant and uncharged facts to change the time and location of the domestic violence charge."  (ECF No. 33, PageID #2251.)  Petitioner objects that the State appellate court punished him for the incident that occurred in October 2016; but the State appellate court lacked jurisdiction, he contends, because he was never indited for this incident.  (*Id.*, PageID #2252–54.)

The indictment charged Petitioner for conduct that took place on or about the time period between January 7, 2017 and January 9, 2017.  (ECF No. 15-2, PageID #450.)  The State appellate court did not change the relevant time frame by referencing the incident from October 2016.  Discussion of that incident came as part of the victim's testimony admitted at trial and is, therefore, a part of the factual record.  (*Id.*, PageID #567.)  As already discussed, this sort of objection to the evidentiary rulings at a trial in State court does not present a proper ground for relief on habeas review.

*     *     *

The Court **OVERRULES** Petitioner's factual objections in this grouping of objections.

## III.  Abuse of Discretion

Petitioner asserts that the State trial court abused its discretion by allowing the prosecution to reopen its case-in-chief after resting, without "reasonable explanation," to provide evidence linking Petitioner to his past domestic violence charges.  (ECF No. 1-2, PageID #55.)  With this ruling, which favored the prosecution at trial, the State trial court judge effectively acted as the prosecutor to secure Petitioner's conviction.  (*See* ECF No.33, PageID #2256 & #2258.)

An alleged abuse of discretion by a State trial court does not by itself violate the Constitution.  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).  Here, Petitioner basis his claim on a procedural or evidentiary ruling, based on State law. Generally, such rulings do not provide a ground for federal habeas relief.  *See Bugh*, 329 F.3d at 512.

*Gordon v. May*, No. 22-4003, 2023 WL 3719068, at *5 (6th Cir. Apr. 25, 2023). An evidentiary ruling made at trial violates due process only where the "ruling is so egregious that it results in a denial of fundamental fairness."  *Id.* (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).  Nor does it present an issue calling the fundamental fairness of the proceedings into question to the point where it might

14

have deprived Petitioner of a constitutional right.  Therefore, this ground for relief lacks merit.

Additionally, Petitioner's objections to the report and recommendation on this ground are either conclusory, restatements of the arguments presented in his original petition, or fail to point to any flaw in the analysis in the report and recommendation. Petitioner reiterates that the State did not provide a "reasonable explanation" for reopening their case, as is required.  (ECF No.33, PageID #2256–2257.)  After moving to reopen its case, however, the prosecution discussed at length how granting the motion would be in the interest of justice.   (ECF No. 15-3, PageID #1463–68.) Petitioner argues that the report and recommendation recounts the proceedings surrounding the prosecution's reopening in reverse, but it does not.  (ECF No. 31, PageID #2168–69.)  Petitioner reiterates in his objections that he believes there were *ex parte* communications between the prosecution and the State trial court judge to assist the prosecution and that the judge conspired to assist the prosecution in securing his conviction.  The report and recommendation already addressed these allegations, and Petitioner's objections merely repeat the arguments in his petition in entirely conclusory fashion.  (ECF No. 33, PageID #2257–61.)

For all these reasons, the Court **OVERRULES** Petitioner's objections organized under this heading.

## IV.     Consecutive Maximum Sentence

Petitioner's fourth ground asserts that his consecutive sentence violates the Fourth and Fourteenth Amendments.  (ECF No. 1-2, PageID #60.)  He contends that the State trial court relied on materially false information provided by the victim and

the victim's mother in a victim impact statement at sentencing.  (*Id.*)  He claims an entitlement to an evidentiary hearing to confront that false information.  (*Id.*)  In her report and recommendation, the Magistrate Judge explained that this ground for relief is partially procedurally defaulted and partially non-cognizable.  (ECF No. 31, PageID #2178–81.)  She explains that Petitioner did not present this claim to the State courts in his direct appeal.  (*Id.*, PageID #2178–79.)  Moreover, the report and recommendation points out that challenges to the application of State sentencing laws and guidelines are non-cognizable in federal habeas review.  (ECF No. 31, PageID #2180–81; *see Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).)

Petitioner objects that his claim is not procedurally defaulted.  (ECF No. 33, PageID #2262.)  On direct appeal, he argued that his sentence was inconsistent with the record.  However, he did not argue that his sentence was based on materially false information.  He first made this argument when he raised ineffective assistance of appellate counsel.  (ECF No. 15-2, PageID #535–37, #778–81.)  "[I]f an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted."  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citation omitted).

To excuse this procedural default, Petitioner points to his appellate counsel's ineffective assistance.  (ECF No. 33, PageID #2263.)  However, attorney "ignorance or inadvertence" does excuse a procedural default unless the attorney error rises to the level of ineffective assistance of counsel.  *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991).  For the reasons discussed below, Petitioner's appellate counsel did

not provide ineffective assistance.  Therefore, Petitioner procedurally defaulted this claim because he did not raise these arguments at the earliest opportunity—on direct appeal.

In his objections, Petitioner also makes new arguments about jail-time credit. (ECF No. 33, PageID #2268–71.)  Nowhere in his petition did he raise these issues. They are entirely new and do not meet the substance of the report and recommendation.  For all these reasons, the Court **OVERRULES** Petitioner's objections discussed under this heading.

## V.  Ineffective Assistance of Appellate Counsel

To support his claim of ineffective assistance of appellate counsel, Petitioner asserts five separate bases.  The Magistrate Judge recommends denying each as meritless or procedurally defaulted.  Petitioner interposes numerous objections to the report and recommendation.  For example, he maintains that (1) his convictions for abduction and domestic violence should have merged under Ohio's allied offenses statute (ECF No.33, PageID #2277); (2) appellate counsel should have raised various abuses in the discovery process (*id.*, PageID #2280); (3) the Magistrate Judge improperly reviewed Petitioner's claims of *Brady* violations (*id.*, PageID #2286–94); (4) Petitioner sufficiently showed that a videotape of his police interview was edited (*id.*, PageID #2294–97); and (5) the report and recommendation misapplies case law in determining that his ineffective assistance of appellate counsel claims lack merit (*id.*, PageID #2300–03).

The Sixth and Fourteenth Amendments afford criminal defendants the right to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S.

688, 687 (1984).  To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) the performance of counsel fell below an objective standard of reasonableness, such that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) the ineffectiveness of the counsel prejudiced the petitioner's defense.  *Id*. at 687–88.  Counsel enjoy the presumption that they discharge their duties in a sufficiently effective manner and exercise reasonable professional judgment based on the circumstances at the time.  *Id*. at 690.

The standard for ineffective assistance of counsel laid out in *Strickland* also applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  "[E]ffective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed."  *Davila v. Davis*, 582 U.S. 521, 533 (2017).  Counsel declining to raise an issue on appeal only amounts to deficient performance where the issue he failed to raise is clearly stronger than the claims actually raised.  *Id*.  To establish prejudice for ineffective appellate counsel, the petitioner must show that, but for his counsel's "unreasonable failure to raise a claim, he would have prevailed on his appeal."  *Gordon v. May*, No. 22-4003, 2023 WL 3719068, at *4 (6th Cir. Apr. 25, 2023) (citation omitted).

The Magistrate Judge explained that Petitioner failed to show that the performance of his appellate counsel fell below an objective standard of reasonableness to his prejudice.  Petitioner's objections either duplicate the arguments that were raised in his petition, which were already addressed by the Magistrate Judge, or fail to address any claimed shortcoming in the analysis of the

report and recommendation.  Petitioner repeatedly argues in his objections that because his convictions are for conduct that occurred in the same vicinity and at approximately the same time, his convictions should have merged into one conviction under Ohio's allied offenses law.  (ECF No. 33, PageID #2272.)  These objections are unfounded.  The victim testified that she was confined and attacked between January 7, 2017, and January 9, 2017.  (ECF No. 15-2.)  The span of time at issue allowed a finding that different acts constituting different offenses occurred at different times and do not merge.

Petitioner objects to the Magistrate Judge's failure to address medical records in her analysis of Petitioner's alleged *Brady* violation.  (ECF No. 31, 2286–94.)  While the Magistrate Judge focused on the photographs of the victim's injuries in her analysis of Petitioner's *Brady* claim, she did in fact mention medical records, and they factored into her analysis:  "[Petitioner] has not adequately developed his assertion that photos and reports were favorable and material to the defense."  (*Id.*, PageID #2193.)  Petitioner's objections do not show how appellate counsel was ineffective for failing to raise a *Brady* violation over the non-disclosure of photographs and medical records at trial.

The Magistrate Jude determined that Petitioner's argument regarding the alleged edited of video footage of his interview with police had not merit.  (*Id.*, PageID #2294.)  Nothing Petitioner cites in the record shows how the video interview was tampered with or explains how missing footage from the video interview would have helped his case at trial.

19

Petitioner's appellate counsel was not required to raise all nonfrivolous claims on his behalf on appeal. *Davila*, 582 U.S. at 533. Many of the positions Petitioner believes his appellate counsel should have advanced on direct appeal were not preserved at trial, subjecting them to plain error review. Moreover, appellate counsel's failure to raise certain arguments did not prejudice Petitioner because the arguments challenged errors that were, at best, harmless. For example, arguments based on discovery and evidence on appeal were harmless in light of the victim's testimony against Petitioner, which the jury was entitled to credit.

When Petitioner sought post-conviction relief in State court to reopen his appeal to raise claims of ineffective assistance of appellate counsel, the Ohio appellate court issued a reasoned opinion denying his motion. (ECF No. 15-2, PageID #791.) On habeas review, the Court "afford[s] double deference to the Ohio appellate court's decision, the last reasoned state court decision on the issue" of ineffective assistance. *Coleman v. Bradshaw*, 974 F.3d 710, 720 (6th Cir. 2020). Under this doubly deferential standard, the Court cannot say that to the extent any his claims meet the standard in Section 2254 for the issuance of a writ. Accordingly, the Court **OVERRULES** these objections.

## VI.  Petitioner's Remaining Objections

Petitioner raises a host of additional objections to the report and recommendation. For an objection to be properly raised, however, it must be specific and directed at a particular dispute. *Howard*, 932 F.2d at 509. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections

and is tantamount to a complete failure to object." *Cole v. Yuki*, 7 F. App'x 354, 356 (6th Cir. 2001).

Petitioner raised vague or general objections throughout his submission to the Court. For instance, Petitioner objects to the entire report and recommendation, and its recommendation to dismiss or deny the petition. (ECF No. 33, PageID #2224–25.) Also, Petitioner objects to the Magistrate Judge's authority to issue the report and recommendation, only to rescind this objection later. (*Id.*, PageID #2224–25, #2305.) Further, some of Petitioner's objections are plainly unsupported in the record. Petitioner objects to the report and recommendation saying he was sentenced to seventy-two months in prison, saying instead that he was sentenced to seventy-eight months in prison, but this is without support in the record. (*Id.*, PageID #2227.)

The Court **OVERRULES** Petitioner's remaining numerous objections, which do not adequately present an issue to the Court for review.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C.S § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be

eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of eligibility.  Because the claims presented by Petitioner are either meritless, non-cognizable, or procedurally defaulted, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 33) and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 31).  Further, the Court **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated:  July 24, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio